# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

NICHOLAS JOSEPH FERRAZZA,

Defendant-Appellant.

UNPUBLISHED
August 14, 2018

No.  336631
Livingston Circuit Court
LC No.  15-023130-FH

Before:  MURPHY, P.J., and GLEICHER and LETICA, JJ.

PER CURIAM.

A jury convicted defendant of operating a motor vehicle while intoxicated (OWI), third offense, MCL 257.625(1)(a); MCL 257.625(9)(c); operating a motor vehicle with a suspended license (subsequent offense), MCL 257.904(1); and operating an unregistered vehicle, MCL 257.215.  Defendant challenges the sufficiency of the evidence supporting his OWI conviction as well as the admission of a neighbor's testimony as improper propensity evidence, again related only to his OWI conviction.  We affirm.

## I.  BACKGROUND

Charlene Kujat, her husband, and their two adult sons were defendant's neighbors.  On the night of September 9-10, 2015, defendant texted or called both of Kujat's sons and told them that he had run out of gas and was stranded approximately three miles from home.  One of the sons informed Kujat, who called 911.  Kujat reported that defendant was driving a blue GMC Jimmy, defendant did not have a license, and defendant's vehicle either did not have a license plate or had a stolen plate.

Livingston County Sheriff's Deputy Ken Burke went to defendant's reported location and observed a blue GMC Jimmy parked on the side of the road with its lights off.  Deputy Burke noted defendant's head "poke up" into view in the driver's seat.  Defendant told Deputy Burke that he was going to the store but had run out of gas.  Defendant's speech was slurred, his breath smelled strongly of alcohol, his face was flushed, and his eyes were bloodshot and watery.  When asked, defendant admitted that he had been drinking, but had stopped two hours ago and had not had anything to drink since he ran out of gas.  During the early portion of this encounter, defendant repeatedly indicated that he been driving his vehicle before it ran out of gas.  Deputy Burke administered three field sobriety tests, and defendant failed all.  Based on the deputy's observations, he opined that defendant's blood alcohol content would be above 0.08.  Deputy

-1-

Burke then placed defendant under arrest. Only then did defendant proclaim that his neighbor had been driving the vehicle, while he travelled as a passenger. Defendant further claimed that he lied about going to the store and running out of gas.

At trial, the prosecution presented documentary evidence establishing that defendant owned the GMC Jimmy. Deputy Burke and Kujat also took the stand. In addition to explaining why she called 911 on the night in question, the prosecution attempted to elicit testimony from Kujat about whether she had seen defendant drunk before and if so, about defendant's appearance and demeanor while drunk. Defense counsel objected under MRE 404(b) at some points but not others, leaving a web of preserved and unpreserved errors. The prosecution argued that it was offering the evidence not to show propensity, but to corroborate Deputy Burke's observations. The court allowed some questions and responses but prohibited others.

Before the jury deliberated, the trial court instructed the jury:

At times during the trial I have excluded evidence that was offered or stricken testimony that was heard. Do not consider these things or those things in deciding the case. Make your decision only on the evidence that I let in and nothing else. . . . To repeat once more you must decide this case based only on the evidence admitted during the trial.

## II. SUFFICIENCY OF THE EVIDENCE

Defendant argues that the prosecutor presented insufficient evidence to support his conviction of OWI. We review challenges to the sufficiency of the evidence de novo, "[t]aking the evidence in the light most favorable to the prosecution" to determine "whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Hardiman*, 466 Mich 417, 421; 646 NW2d 158 (2002). We must defer to the fact finder's assessment of witness credibility and weighing of the evidence in making our review. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992), amended 441 Mich 1201 (1992).

MCL 257.625(1)(a) proscribes OWI as follows:

A person, whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this state if the person is operating while intoxicated. As used in this section, "operating while intoxicated" means any of the following:

(a) The person is under the influence of alcoholic liquor, a controlled substance, or other intoxicating substance or a combination of alcoholic liquor, a controlled substance, or other intoxicating substance.

Deputy Burke testified that defendant was sitting in the driver's seat of his vehicle parked alongside the road. Defendant repeatedly indicated that he had been driving and had parked when he ran out of gas. Accepting this testimony as true, the jury could find that defendant had operated a vehicle upon the highway.

Moreover, Deputy Burke observed many telltale signs of intoxication. Defendant smelled of alcohol, slurred his speech, his face was flushed, and he had watery, bloodshot eyes. Indeed, defendant admitted to drinking only two hours earlier. Defendant proceeded to fail three field sobriety tests; his eyes could not focus and track properly, he could not walk a straight line, and he could not balance on one leg. This evidence was sufficient to support the jury's conclusion that defendant had operated his vehicle while intoxicated. Given the record evidence, defendant is not entitled to relief.

## III. "OTHER-ACTS" EVIDENCE

Defendant further asserts that the trial court improperly admitted other acts evidence tending to show a propensity to drunkenness and to drive while intoxicated. Specifically, the prosecutor asked Kujat a series of questions seeking to describe how defendant looks and acts when intoxicated and to emphasize that Kujat feared that defendant was driving intoxicated because he had in the past.

MRE 404(b)(1) states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

For "other-acts" evidence to be admissible, four elements must be met:

> "First, that the evidence be offered for a proper purpose under Rule 404(b); second, that it be relevant under Rule 402 as enforced through Rule 104(b); third, that the probative value of the evidence is not substantially outweighed by unfair prejudice; fourth, that the trial court may, upon request, provide a limiting instruction to the jury." [*People v Denson*, 500 Mich 385, 398; 902 NW2d 306 (2017), quoting *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993).]

However, the harmless error rule applies to the admission of other acts evidence, precluding relief unless prejudice is shown. When evidence has been admitted for an improper purpose, relief is only warranted if "it affirmatively appears that, more probably than not, it was outcome determinative—i.e., that it undermined the reliability of the verdict." *Denson*, 500 Mich at 409 (quotation marks and citation omitted). To make this determination, "[w]e focus on the nature of the error and assess its effect in light of the weight and strength of the untainted evidence." *Id.* at 409-410 (quotation marks, citation, and alterations omitted).

It appears from the record that some improper other acts evidence was admitted through Kujat's much interrupted testimony. Yet, any error in this regard was harmless. The deputy found defendant alone in his vehicle, sitting in the driver's seat parked on the side of the road. Defendant repeatedly informed the deputy that he had been driving and that he had consumed

alcohol as recently as two hours earlier. Defendant only changed his story and claimed that his neighbor had been driving when the deputy placed him under arrest. Whether defendant had driven intoxicated in the past was of little import as he had clearly been driving on this occasion.

Moreover, the indicia of intoxication observed by Deputy Burke were commonplace. Defendant does not claim that he suffered from any medical condition or was otherwise prone to slurred speech, bloodshot eyes, or flushed skin or that limited his ability to balance or walk a straight line. Absent any other explanation for defendant's commonplace markers of intoxication, we can discern no prejudice as a result of any statement made by Kujat admitted to describe how this defendant appears when intoxicated.

We affirm.

/s/ William B. Murphy
/s/ Elizabeth L. Gleicher
/s/ Anica Letica

-4-